ARTHUR W. DAY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 355, 2008.
Supreme Court of Delaware.
Submitted: October 7, 2008
Decided: November 20, 2008
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice
This 20th day of November 2008, upon consideration of the notice to show cause, the appellant's response to the notice, the State's answer to the appellant's response, and the parties' further responses, it appears to the Court that:
(1) On March 27, 2008, the appellant, Arthur W. Day, pled guilty to one count of Maintaining a Vehicle for Keeping Controlled Substances. On June 13, 2008, the Superior Court declared Day a habitual offender and sentenced him to five years at Level V imprisonment.
(2) On July 15, 2008, Day, acting pro se, filed an untimely notice of appeal from his June 13, 2008 guilty plea and sentencing. A timely notice of appeal should have been filed on or before July 14, 2008.[1] On July 16, 2008, the Clerk issued a notice directing that Day show cause why the appeal should not be dismissed as untimely.
(3) In his response to the notice to show cause, Day asserts that his appeal should not be dismissed because he did not cause the delay in filing the notice of appeal. According to Day, someone at the prison where he is incarcerated misinformed him as to the correct mailing address for this Court. In support of his allegation, Day attached to his response a single page from an address list that he says was made available to him by the prison. The page, which appears to be generated or at least maintained by the prison law library, reflects an incorrect address for the Court.[2]
(4) By letter dated September 24, 2008, the Clerk asked the parties to obtain a complete copy of the directory from which Day's single page was excerpted. In response to the Clerk's letter, the State filed a three-page document titled simply "address list." The document lists the addresses of courts, agencies, and law-related organizations in Delaware. The State represents that the "address list" is "available" at the prison law library and was "last updated on June 25, 2008."[3] This Court's address is listed correctly on the document submitted by the State. The State further represents that "[u]pon information and belief, [the] earlier version of the Address List," i.e., the list from which Day's single page was excerpted, "was composed by an inmate worker at the law library."
(5) The Court has carefully considered the parties' responses to the notice to show cause. The State correctly observes that the Court has rejected ineffective assistance of prison library personnel as a legitimate basis to excuse an untimely appeal.[4] Be that as it may, given that all litigants, including prisoners, are required to strictly conform to all of the Delaware courts' jurisdictional requirements, to the extent a prison law library publishes addresses of any Delaware court, it is imperative that library personnel review the publication for errors. At this juncture in Day's case, the Court is satisfied that the updated "address list" maintained at the prison law library where Day is incarcerated reflects this Court's correct address. We assume that prison law library personnel statewide will take this opportunity to review for accuracy all Delaware court addresses listed in publications generated or maintained by the prison law libraries.
(6) Ultimately, the State suggests, and we agree, that under the circumstances of this case, i.e., wherein Day was represented by counsel with a continuing obligation,[5] this matter should be remanded to the Superior Court to determine if Day's counsel consulted with Day regarding an appeal and whether Day requested that counsel file an appeal.[6] Moreover, in the interest of justice, the Court agrees with the State that if the Superior Court determines that Day requested that his counsel file an appeal, the Superior Court should vacate the June 13, 2008 sentencing order and resentence Day, with the assistance of counsel, so that a timely appeal might be filed.[7]
NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Superior Court for an evidentiary hearing and further proceedings in accordance with this Order. Jurisdiction is not retained.
NOTES
[1] See Del. Supr. Ct. R. 6(a)(ii) (providing that a notice of appeal must be filed within thirty days after a sentence is imposed in a direct appeal of a criminal conviction).
[2] A notation at the bottom of the page states: "(If errors in the listing are found please return this sheet with errors/changes of address identified on the sheet to Main Law Library, East Side)."
[3] The Court notes that June 25, 2008 was more than two weeks prior to the expiration of Day's appeal period.
[4] E.g., Brown v. State, 2007 WL 851326 (Del. Supr.); Brown v. State, 2004 WL 1535757 (Del. Supr.); Lloyd v. Snyder, 2000 WL 975090 (Del. Supr.); Smith v. State, 1996 WL 526165 (Del. Supr.).
[5] See Del. Supr. Ct. R. 26(a) (providing for continuing obligation of and representation by counsel on appeal).
[6] Stanford v. State, 2008 WL 2780557 (Del. Supr.) (citing Roe v. Flores-Ortega, 528 U.S. 470, 485 (2000)).
[7] Id.