IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT BETTS, | § | |
| | § | No. 243, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No.  2109003074 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 1, 2023
Decided:   August 3, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)     On July 7, 2023, the appellant, Robert Betts, filed a notice of appeal from an April 28, 2023 Superior Court order sentencing him for a violation of probation ("VOP").  Under Supreme Court Rule 6, a timely notice of appeal was due on or before May 30, 2023.[1]  Accordingly, the Senior Court Clerk issued a notice

---

[1] Del. Supr. Ct. R. 6(a)(iii).  Because the thirtieth day fell on a Sunday, and the thirty-first was a State holiday, the notice of appeal was due the next business day: Tuesday, May 30, 2023. Del. Supr. Ct. R. 11(a).

directing Betts to show cause why his appeal should not be dismissed as untimely filed.

(2)	In his response to the notice to show cause, Betts asks the Court to excuse the untimeliness of his appeal because, he claims, staff at the prison law library advised him to file his notice of appeal with the Superior Court. At the Court's request, the State also responded to the notice to show cause. Among other things, the State notes that defense counsel provided Betts with a form that (i) advised Betts that he had thirty days to appeal his VOP sentence, (ii) informed him that a notice of appeal must be filed in this Court, and (iii) directed him to the Court's rules governing the commencement of an appeal.

(3)	Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] An appellant's *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5] Ineffective assistance of prison library personnel does not excuse an untimely appeal.[6]

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *Day v. State*, 2008 WL 4946207, at *1 (Del. Nov. 20, 2008).

(4)     The record does not reflect that Betts's failure to file a timely notice of appeal in this case is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must therefore be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice