IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVIN L. COLEMAN, | § | |
| | § | |
| Defendant Below- | § | No. 434, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID Nos. 1303012706 |
| Plaintiff Below- | § | and 1303004663 |
| Appellee. | § | |

Submitted: September 10, 2014
Decided: September 16, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 16th day of September 2014, it appears to the Court that:

(1)    On August 12, 2014, the Court received appellant Devin Coleman's notice of appeal from a Superior Court order, dated June 17, 2014, sentencing him on multiple criminal charges following the entry of his guilty plea. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before July 17, 2014.

(2)    The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Coleman to show cause why the appeal should not be dismissed as

untimely filed.[1]  Coleman filed a response to the notice to show cause on August 19, 2014.  He asserts that his appeal should not be dismissed because his counsel knew that he wanted to appeal the Superior Court's denial of his right to represent himself, and his counsel failed to file the notice of appeal on his behalf.

(3)  The Court directed Coleman's trial counsel to file a response. Counsel indicates that Coleman had requested a provision in his guilty plea agreement preserving his right to appeal but that no such provision was included. Counsel further states that after the Superior Court accepted the plea, he and Coleman never discussed counsel filing an appeal on his behalf.  The State filed an answer asserting that the appeal must be dismissed because it was not filed within 30 days and because Coleman's untimely filing is not attributable to court personnel.

(4)  The State's position is correct.  Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Unless an appellant can demonstrate that the failure to file

---

[1]Del. Supr. Ct. R. 6(a)(ii).

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[3]Del. Supr. Ct. R. 10(a).

[4]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

(5) Defense counsel is not court-related personnel.[6] Consequently, even assuming that Coleman informed defense counsel of his wish to appeal following the entry of his guilty plea (which defense counsel disputes), this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. To the extent Coleman asserts ineffective assistance of counsel, such a claim must be pursued through a motion for postconviction relief under Superior Court Criminal Rule 61.[7] Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[5]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[6]*Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009).

[7]*Id.*