IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROGELIO LAGUNES-DIAZ, §
§ No. 296, 2014
　　Defendant Below- §
　　Appellant, §
§
　　v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Sussex County
§ Cr. ID 1208001348
　　Plaintiff Below- §
　　Appellee. §

Submitted: September 25, 2014
Decided: September 30, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 30th day of September 2014, it appears to the Court that:

(1)　On June 2, 2014, the Court received appellant's notice of appeal from a Superior Court sentencing order entered on July 3, 2013. The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed for his failure to file his appeal within the 30 day limitations period.[1]

(2)　Appellant filed a response to the notice to show cause on September 25, 2014. He contends that he cannot read and does speak English and, therefore,

---

[1]Del. Supr. Ct. R. 6(a)(ii).

has been unable to find anyone to assist him until recently. He asserts that the lawyer who represented him in the Superior Court did not help him and was only interested in having him plead guilty.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Appellant's lack of language proficiency is insufficient to warrant the equitable tolling of the time to file an appeal.[5] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[6]

(4) There is nothing to reflect that appellant's failure to timely appeal is attributable to court personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[3]Del. Supr. Ct. R. 10(a).

[4]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

[5] *Quintero v. State*, 945A.2d 1168 (Table), 2008 WL697599 (Del.Mar. 17, 2008).

[6]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice