IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORTEZ T. HARMON, | § | |
| | § | |
| Defendant Below, | § | No. 703, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. No. 1205019743 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 5, 2015
Decided: January 7, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## <u>ORDER</u>

This 7th day of January 2015, it appears to the Court that:

(1)    On December 22, 2014, the Court received the appellant's notice of appeal from a Superior Court order, dated November 12, 2014 and docketed on November 18, 2014, denying his second and third motions for postconviction relief. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before December 18, 2014.

(2)    On December 22, 2014, the Senior Court Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, the appellant stated that he delayed filing the notice of appeal because he

was waiting to receive documents (the sentencing order, docket, and transcripts) that he thought would be helpful to the appeal.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The appellant does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] Supr. Ct. R. 10(a).

[3] *Smith v. State*, 47 A.3d 481, 485-87 (Del. 2012).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice