IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND WINCHESTER, | § | |
| | § | No. 451, 2015 |
| Defendant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1408023564 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: August 28, 2015
Decided: August 31, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

**O R D E R**

This 31st day of August 2015, it appears to the Court that:

(1) On August 20, 2015, the Court received the appellant Raymond Winchester's notice of appeal from a Superior Court violation of probation sentencing order entered on July 16, 2015. Under Supreme Court Rule 6(a)(ii), a timely notice of appeal should have been filed on or before August 17, 2015.

(2) The Clerk issued a notice directing Winchester to show cause why the appeal should not be dismissed as untimely filed. Winchester filed a response to the notice to show cause on August 28, 2015. He asserts that

his appeal was untimely because he thought that he was supposed to file his papers by leaving them with the Department of Justice.

(3)   Winchester's response is unavailing.  Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]  Winchester's case does not fall within this exception.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

[1]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2]Del. Supr. Ct. R. 10(a).
[3]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).