IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES RINGGOLD, § 
§ 
    Defendant Below, § No. 265, 2015
    Appellant, § 
§ 
    v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
§ Cr. ID No. 0907029340
    Plaintiff Below, § 
    Appellee. § 

Submitted:  August 27, 2015
Decided:    September 2, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **ORDER**

This 2nd day of September 2015, it appears to the Court that:

(1)    On May 27, 2015, the Court received the appellant's notice of appeal from a Superior Court order, dated March 16, 2015 and docketed on March 17, 2015, denying the appellant's motion for correction of sentence. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before April 16, 2015.

(2)    On June 24, 2015, the Chief Deputy Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. The appellant requested, and received, an extension to file a response to the notice to show cause. The appellant did not

respond to the notice to show cause until after the time for the extension had expired, making his appeal subject to dismissal.[1]   In his untimely response to the notice to show cause, the appellant argues that he has established good cause for the untimely notice of appeal because he was ill and did not have access to legal resources or legal assistance.

(3)   Even if the appellant's response to the notice to show cause was timely, this appeal must be dismissed.  Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4)   The appellant does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that this appeal must be dismissed.

---

[1] Supr. Ct. R. 3(a)(2); Supr. Ct. R. 29(b).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 485-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice