IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS ALSTON, | § | |
| | § | |
| Defendant Below, | § | No. 38, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | Cr. No. 1401002421 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 19, 2016
Decided: February 26, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 26th day of February 2016, it appears to the Court that:

(1)     On January 22, 2016, the Court received the appellant's notice of appeal stating that he wished to appeal a June 25, 2015 Superior Court sentencing order, but attaching, among other things, a December 16, 2015 Superior Court order denying his motion for reduction of sentence and a December 16, 2015 Superior Court order denying his motion for postconviction relief. The Chief Deputy Clerk informed the appellant that it was unclear which Superior Court order the appellant sought to appeal and directed the appellant to file an amended notice of appeal with the date of the order he wished to appeal and a copy of the order. On February 5, 2016, the appellant again filed a notice of appeal identifying the June 25, 2015

Superior Court order and a letter stating that he had previously sent all of the documents regarding his appeal.

(2) The Senior Court Clerk issued a notice directing the appellant to show cause why his appeal of the June 25, 2015 Superior Court order should not be dismissed as untimely filed under Supreme Court Rule 6. In his first response to the notice to show cause, the appellant stated for the first time that he was not appealing the Superior Court's June 25, 2015 sentencing order, but was appealing the Superior Court's denial of his motion to dismiss for failure to charge an offense one count of the indictment, motion for reduction of sentence, and motion for postconviction relief. The appellant also stated that he was not a lawyer and asked the Court to investigate his claims. In his second, untimely response to the notice to show cause, the appellant admits that an appeal of the June 25, 2015 order would be untimely and seeks to appeal the December 16, 2015 Superior Court orders denying his motion for reduction of sentence and motion for postconviction relief.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 485-87 (Del. 2012).

2

Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4)  To the extent the appellant sought to appeal the June 25, 2015 Superior Court sentencing order as reflected in his notice of appeal and response to the Chief Deputy Clerk's request for clarification, the notice of appeal was due on or before July 27, 2015.[5] To the extent the appellant sought to appeal the December 16, 2015 Superior Court orders denying his motion for reduction of sentence and his motion for postconviction relief, the notice of appeal was due on or before January 15, 2016.[6] As to the appellant's claim regarding the denial of his motion to dismiss one count of the indictment, he has not provided any such order to this Court and the Superior Court docket does not reflect such an order. The Superior Court docket does reflect that the State filed a re-indictment and that the appellant entered a guilty plea. To the extent, the appellant wished to appeal the Superior Court's handling of his motion to dismiss one count of the indictment, then the notice of appeal was due on or before July 27, 2015.[7]

(5)  The notice of appeal was not filed until January 22, 2016. The appellant does not claim, and the record does not reflect, that his failure to file a timely notice

---

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] Supr. Ct. R. 6(iii) (providing that direct appeal of criminal conviction must be filed within thirty days after sentence is imposed).

[6] Supr. Ct. R. 6(iv) (providing that post-conviction appeal must be filed within thirty days after entry upon docket of judgment or order in postconviction proceeding).

[7] *See supra* n.5.

3

of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

Justice