IN THE SUPREME COURT OF THE STATE OF DELAWARE

AARON O. LOWMAN, §
§
　　Defendant Below- § No. 169, 2016
　　Appellant, §
§
　　v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 0907016090
　　Plaintiff Below- §
　　Appellee. §

Submitted: April 12, 2016
Decided: April 20, 2016

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## **O R D E R**

This 20th day of April 2016, it appears to the Court that:

(1)　On April 4, 2016, the Court received the appellant's notice of appeal from the Superior Court's order, dated and docketed March 2, 2016, denying the appellant's motion for postconviction relief. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before April 1, 2016.

(2)　The Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.[1] The appellant filed a response to

---

[1]Del. Supr. Ct. R. 29(b) (2016).

the notice to show cause on April 12, 2016. He asserts that he placed his notice of appeal in the prison mailbox on March 22, 2016.[2]

(3) This Court, however, has never adopted a prisoner mailbox rule.[3] A notice of appeal *must be received* by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4] Time is a jurisdictional requirement,[5] and an appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6. Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[6]

(4) Prison personnel are not court-related personnel. Consequently, even assuming prison personnel delayed somehow in mailing the appellant's notice of appeal, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

---

[2] The appellant also asserts that he did not receive the notarized statement of his prison account, which needed to be attached to his *in forma pauperis* motion, until April 8, 2016 and that this should not be held against him. It has not been. The Court's rule to show cause was limited solely to the timeliness of the notice of appeal and did not include the appellant's *in forma pauperis* motion.

[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

[4] Del. Supr. Ct. R. 10(a) (2016).

[5] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b),

that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

3