IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAURICE J. WILLIAMS, | § | |
| | § | |
| Defendant Below, | § | No. 374, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 9901005150 and |
| | § | 1011002501 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 12, 2016
Decided: August 25, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### ORDER

This 25th day of August 2016, it appears to the Court that:

(1)    On July 21, 2016, the Court received a notice of appeal from a Superior Court order. Although the appellant, Maurice J. Williams, indicated that the date of the order on appeal was July 10, 2016, he stated in the accompanying letter that he initially sent the notice of appeal on June 29, 2016 and it was sent back to him with a note that the post office box in the address was closed. The Senior Court Clerk informed Williams by letter that there was no order dated July 10, 2016 in the dockets for Cr. ID No. 9901005150 or Cr. ID No. 1011002501, but that there was an order dated June 10, 2016 denying Williams' motion for correction of sentence. The Senior Court Clerk told Williams that if he wished to

file a notice of appeal from the June 10, 2016 order he needed to file an amended notice of appeal by August 3, 2016.

(2)     Williams filed an amended notice of appeal on August 4, 2016. Under Supreme Court Rule 6(a)(iv), a timely appeal of the June 10, 2016 Superior Court order, which was docketed on June 13, 2016, should have been filed on or before July 13, 2016.  The Senior Court Clerk issued a notice directing Williams to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  In his response to the notice to show cause, Williams claims that mailing of the notice of appeal was delayed by the Department of Correction because he lacked money for stamps and had to send the notice of appeal by "pay-to postage" on June 30, 2016.  This claim is inconsistent with Williams' July 21, 2016 correspondence with the Court, which reflects that his initial notice of appeal was in an envelope with a postage meter date of July 1 and was mailed back to him because he used the wrong address.

(3)     Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10 (a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).
[3] *Smith*, 47 A.3d at 486-87.

2

Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4)  Williams does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).