IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID A. BRAMBLE, INC., | § | |
| | § | |
| Plaintiff Below, | § | No. 78, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| OLD REPUBLIC GENERAL | § | C.A. No. S16C-06-025 |
| INSURANCE CORPORATION, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: March 6, 2017
Decided: March 20, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 20th day of March 2017, it appears to the Court that:

(1)     On February 21, 2017, the Court received the appellant's notice of appeal from a January 20, 2017 Superior Court opinion dismissing his complaint and denying his motion for partial summary judgment.[1]  A timely notice of appeal should have been filed on or before February 20, 2017.[2]  The Chief Deputy Clerk

---

[1] *Bramble v. Old Republic Gen. Ins. Corp.*, 2017 WL 345144 (Del. Jan. 20, 2017).
[2] Supr. Ct. R. 6(a)(i) (providing a civil appeal must be filed within thirty days after entry of a judgment from which the appeal is taken); Supr. Ct. R. 11(a) (providing that if the last day of a time period prescribed by the Rules falls on a Saturday or Sunday, legal holiday, or other day on which the Clerk's office is closed, then the time period shall run until the end of the next day on which the Clerk's office is open).

issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, the appellant states that he calculated the thirty-day appeal period as expiring on February 21, 2017 because February 19, 2017 was a Sunday and February 20, 2017 was Presidents' Day. Rule 11(a) provides that if the last day of a time period prescribed by the Rules falls on a Saturday or Sunday, legal holiday, or other day on which the Clerk's office is closed, then the time period shall run until the end of the next day on which the Clerk's office is open. "'[L]egal holidays' shall be those days provided by statute or appointed by the Governor or the Chief Justice of the State of Delaware."[3] Presidents' Day is not designated a legal holiday.[4]

(3) According to the appellant, he mistakenly believed Presidents' Day was a legal holiday. He states that he has been unable to determine when Delaware stopped observing Presidents' Day as a state holiday[5] and when and how the Court communicated this change to members of the Delaware bar. He further claims many Delaware lawyers are unaware that Delaware no longer observes Presidents' Day as a legal holiday.

---

[3] Supr. Ct. R. 11(a).

[4] 1 *Del. C.* § 501 (listing legal holidays). *See also* State of Delaware 2017 Holidays, *available at* http://delawarepersonnel.com/labor/holidays/2017.shtml.

[5] Effective July 1, 2009, Presidents' Day was eliminated from Section 501 as a legal holiday. 77 Del. Laws ch. 84, § 56 (2009).

(4)     Time is a jurisdictional requirement.[6]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[7]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[8]

(5)     The appellant suggests the Court is somehow to blame for his (and allegedly other Delaware lawyers') mistaken belief that Presidents' Day is a legal holiday, but offers no factual or legal authority in support of this suggestion.  As the appellant himself admits, he should have checked whether Presidents' Day was a legal holiday.  The record does not reflect that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[7] Supr. Ct. R. 10(a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).
[8] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

3