Damar SMITH, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 103, 2012.

Supreme Court of Delaware.

Submitted: June 27, 2012.
Decided: July 10, 2012.

Damar Smith, pro se.

Santino Ceccotti, Esquire, Office of the Public Defender, Wilmington, Delaware, amicus curiae for appellant.

Paul R. Wallace, Esquire and James T. Wakley, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice:

The defendant-appellant, Damar Smith ("Smith"), seeks to appeal from his Superior Court conviction and sentence for Rape in the Third Degree, Unlawful Imprisonment in the Second Degree, and Posses-

sion of a Deadly Weapon by a Person Prohibited. Smith is a *pro se* prisoner. His notice of appeal was received by the Supreme Court on February 28, 2012, one day after the thirty-day deadline to appeal from his January 27, 2012 sentence. This Court directed Smith to show cause as to why his appeal should not dismissed under Rule 29(b).

We then directed the State to file a supplemental memorandum addressing whether this Court should re-examine our holding in *Carr v. State*,[1] and adopt the Federal "mailbox rule" set forth in *Houston v. Lack*.[2] We appointed the Public Defender to file a response as *amicus curiae*. The State takes the position that we should again decline to adopt the federal prison mailbox rule of *Houston v. Lack*. *Amicus curiae* argue that we should adopt the rule, in light of changed prison mail procedures and for the policy reasons set forth in *Houston* and subsequent cases.

Last year, in *Hickman v. State*, this Court considered the same issue and declined to adopt the federal prison mailbox rule.[3] We reach the same conclusion in this case. Accordingly, we dismiss Smith's appeal as untimely.[4]

### Facts and Procedural History

On October 27, 2011, Smith pled guilty to Rape in the Third Degree, Unlawful Imprisonment in the Second Degree, and Possession of a Deadly Weapon by a Person Prohibited. On January 27, 2012, Smith was sentenced to serve, *inter alia*, six years imprisonment followed by decreasing levels of supervision. On February 28, 2012, this Court received Smith's Notice of Appeal from his conviction and sentence. The Certificate of Service was dated February 21, 2012. The filing was postmarked February 27, 2012.

This Court issued a notice to show cause as to why Smith's appeal should not be dismissed as untimely under Rule 29(b). The State responded. The State and the Public Defender, as *amicus curiae*, were then directed to file supplemental memoranda, in response to the following prompt:

> The Court has directed that the State address whether it should re-examine the holding in *Carr v. State*, 554 A.2d 778 (Del.1989) and adopt the Federal "mailbox rule" set forth in *Houston v. L[ack]*, 487 U.S. 266 [108 S.Ct. 2379, 101 L.Ed.2d 245] (1988). As you know, the court considered this same question last year in *Hickman v. State*, (No. 508, 2010). For your information, attached is a copy of the State's response in that case to the appellant's motion for reargument *en Banc*. *See also Silverbrand v. County of Los Angeles*, 105 [205] P.3d 1047 (Cal.2009); *State v. Litscher* [247 Wis.2d 1013], 635 N.W.2d 292 (Wis.20[0]1).

### Issue on Appeal

Title 10, section 147 of the Delaware Code provides:

> No appeal from the Superior Court in a criminal action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree.[5]

1. *Carr v. State*, 554 A.2d 778 (Del.1989).

2. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

3. *Hickman v. State*, 2010 WL 5239181 (Del. Dec. 21, 2010).

4. *Id.* at *1.

5. Del.Code Ann. tit. 10, § 147 (1999).

Supreme Court Rule 6(a)(ii) imposes the same 30–day requirement.[6] Rule 10(a) further states, in relevant part: "Filing by mail in the office of the Clerk of the Court in Dover is permissible, provided that filing shall not be deemed to be complete until the paper has been received in the office of the Clerk."[7]

■ It is well established in Delaware that "[p]erfection of the appeal within the statutory period is a necessary condition to this Court's jurisdiction."[8] Thus, when an appeal is not docketed within the statutory time period, this Court lacks jurisdiction to hear the appeal.[9] The issue before this Court is whether we should consider a notice of appeal to have been filed, for purposes of title 10, section 147 of the Delaware Code and Rule 10(a), at the time it is delivered to prison authorities for mailing.

### Prison Mailbox Rule

■ In *Houston v. Lack,* the United States Supreme Court held that a *pro se* prisoner's notice of appeal is deemed "filed" at the moment of delivery to prison authorities for forwarding to the court.[10] The Supreme Court reasoned, in part:

No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any

means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities— and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.[11]

In *Carr v. State,* this Court expressly refused to adopt the *Houston* federal prison mailbox rule.[12] First, we explained that the Delaware statute is clear and that the notice of appeal deadline is not subject to enlargement by rule in Delaware, as it is in the federal system.[13] Second, we reasoned that the procedure used to mail letters in the Delaware prison system is different from that used in the federal prison system.[14] In the federal system, the *pro se* prisoner "hands [his notice of appeal] over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date."[15] In *Carr,* we found that Delaware lacked these procedures.

---

6. Del.Supr. Ct. R. 6(a)(ii).

7. Del.Supr. Ct. R. 10(a).

8. *Scott v. Draper,* 371 A.2d 1073, 1073 (Del. 1977) (citing *Preform Bldg. Components, Inc. v. Edwards,* 280 A.2d 697 (Del.1971)).

9. *Id.* at 1073–74.

10. *Houston v. Lack,* 487 U.S. at 270, 108 S.Ct. 2379.

11. *Id.* at 271–72, 108 S.Ct. 2379.

12. *Carr v. State,* 554 A.2d at 779–80.

13. *Id.*

14. *Id.* at 780.

15. *Id.* (quoting *Houston v. Lack,* 487 U.S. at 275, 108 S.Ct. 2379).

## Delaware Prison Mail Changes

The State acknowledges that there have been significant changes in the prison mail system since this Court's 1989 decision in *Carr*. In *Carr*, we explained that a mailbox rule would be impractical in part because "no one would have any record of when a piece of mail was posted" by a prisoner.[16]

Now, Delaware prison facilities have an established procedure, or at least the capacity to establish such a procedure, for logging legal mail. Bureau of Prisons Policy 8.92 requires the Warden of each prison facility to eliminate unsupervised mail drops "[w]here possible." Standard Operating Procedure 5.1 at the James T. Vaughn Correctional Center requires mailroom staff to keep a log of all incoming and outgoing legal mail. These procedures have created a mechanism for establishing the date a prisoner deposits his notice of appeal for mailing.

## Timeliness is Jurisdictional

It is well-established that time is a jurisdictional requirement in Delaware.[17] Title 10, section 147 explicitly provides that "[n]o appeal . . . shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree." "[T]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion."[18] Rule 10(a) of this Court further provides that a filing is not deemed completed until received by the Clerk.

States with unambiguous statutes and/or jurisdictional time requirements similar to our own have not adopted the prison mailbox rule. Iowa,[19] Missouri,[20] Nebraska,[21] Ohio,[22] Oklahoma,[23] South Dakota,[24] and West Virginia[25] all hold timeliness to be a strict jurisdictional requirement. These states have either refused to adopt a pris-

16. *Id.*

17. *Scott v. Draper*, 371 A.2d at 1073–74 (citing *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d at 697).

18. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998) (citing *Anderson v. Yungkau*, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947)).

19. *Lutz v. Iowa Swine Exports Corp.*, 300 N.W.2d 109, 110 (Iowa 1981) ("A timely appeal is jurisdictional. . . .").

20. *Johnson v. Purkett*, 217 S.W.3d 341, 343–44 (Mo.Ct.App.2007) (holding court lacks jurisdiction to entertain an untimely appeal).

21. *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279, 283 (1998) (holding "jurisdictional statutes must be strictly construed").

22. *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 555 N.E.2d 966, 967 (1990) ("The notice of appeal is jurisdictional." (citing

*State ex rel. Curran, v. Brookes*, 142 Ohio St. 107, 50 N.E.2d 995 (1943))).

23. *Compare Hunnicutt v. State*, 952 P.2d 988, 989 (Okla.Crim.App.1997) (statute imposes a jurisdictional prerequisite upon the Court of Criminal Appeals that does not allow the court to "entertain a post-conviction appeal unless that appeal is 'filed' within thirty days of judgment"), *with Woody v. State, ex rel. Dep't of Corr.*, 833 P.2d 257, 259–60 (Okla. 1992) (statute creates mailbox rule by providing that the date of mailing of a petition in error for an appeal to the Oklahoma Supreme Court "shall constitute the date of filing").

24. *State v. Mulligan*, 696 N.W.2d 167, 169 (S.D.2005) ("[I]t is settled law that the failure to timely file a notice of appeal is a jurisdictional defect.") (citations omitted).

25. *West Virginia Dep't of Energy v. Hobet Min. and Const. Co.*, 178 W.Va. 262, 358 S.E.2d 823, 825 (1987) ("[F]ailure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal.") (citations omitted).

on mailbox rule or have not yet addressed the issue.[26]

Other states have reasoned that their statutes preclude a *Houston* analysis and that procedural rules have not been adopted to dictate otherwise. *Houston*, as the Arkansas Supreme Court points out, "was no more than an interpretation of Federal Rules of Appellate Procedure 4(a)(1)."[27] For similar reasons, Maine,[28] Missouri,[29] New Mexico,[30] and Oregon[31] have found *Houston* to be unpersuasive in interpreting state statutes and rules. Michigan initially refused to adopt *Houston's* reasoning by judgment, but subsequently did so by appellate rule.[32] Similarly, following its decision in *Talley v. Diesslin*,[33] Colorado amended its Rules of Civil Procedure 5(f) to provide for *pro se* inmate filings in civil actions.[31]

### Mailbox Rule Rationale

The rationale of other states for adopting the mailbox rule for *pro se* prisoners has been consistent with the reasoning in *Houston*. *Pro se* prisoners are in unique circumstances.[35] States are concerned that " '*pro se* prisoners would be subject to more disadvantages than are reasonably necessary in the administration of the criminal justice system' if such a rule is not applied."[36] In cases of criminal appeals, a prison mailbox rule furthers the court's interest in hearing appeals on their merits.[37] As the Kansas Court of Appeals explained:

> An inmate faced with a narrow window of 30 days ... should not be further limited by a statutory interpretation that leaves a timely filing of the vagaries of the very entity against whom the action is brought and effectively reduces the time within the petitioner's control to 29 days, or 28 days, or 27 days, or less to make certain the petition is filed in a timely manner. An interpretation that gives an inmate a 30–day opportunity to challenge the action taken by prison authorities is consistent with statutory lan-

26.  *See Johnson v. Purkett*, 217 S.W.3d at 343 (Missouri); *State v. Parmar*, 586 N.W.2d at 283 (Nebraska); *State ex rel. Tyler v. Alexander*, 555 N.E.2d at 967 (Ohio); *Hunnicutt v. State*, 952 P.2d at 989 (Oklahoma Court of Criminal Appeals); *State v. Mulligan*, 696 N.W.2d at 169 (South Dakota). Neither Iowa nor West Virginia have addressed this issue.

27.  *Key v. State*, 297 Ark. 111, 759 S.W.2d 567, 568 (1988).

28.  *Persson v. Dep't of Human Servs.*, 775 A.2d 363, 366 (Me.2001) (filing occurs when appeal is delivered to the court clerk).

29.  *O'Rourke v. State*, 782 S.W.2d 808, 809 (Mo.Ct.App.1990) (holding that *Houston* does not compel abandonment of Missouri's procedure for post-conviction relief).

30.  *State v. Judd*, 2010 WL 4924724, at *2 (N.M.Ct.App. Aug. 20, 2010) ("We are not persuaded to adopt a federal rule in order to accept a notice of appeal as timely....").

31.  *Stull v. Hoke*, 326 Or. 72, 948 P.2d 722, 726 (1997) (holding that *Houston* is unpersuasive when interpreting state statute).

32.  *Moore v. Michigan Dep't Corrs.*, 462 Mich. 872, 615 N.W.2d 212, 212 (2000); MCR 7.105(B)(3).

33.  *Talley v. Diesslin*, 908 P.2d 1173 (Colo. App.1995), *superseded by rule*, C.R.C.P. 5(f), *as stated in Wallin v. Cosner*, 210 P.3d 479, 480–81 (Colo.App.2009).

34.  *Id.*

35.  *Dowell v. State*, 922 N.E.2d 605, 606 (Ind. 2010) (recognizing unique position of *pro se* prisoners and expressly adopting "prison mailbox" rule).

36.  *Easley v. Roach*, 879 So.2d 1041 (Miss. 2004) (quoting in part *Sykes v. State*, 757 So.2d 997, 1000 (Miss.2000)).

37.  *State v. Fischer*, 727 N.W.2d 750, 755 (N.D.2007).

guage and sound public policy, and affords every inmate, wherever situated, with a full 30–day filing period.[38]

In *State ex rel. Nichols v. Litscher,*[39] the Supreme Court of Wisconsin considered a statute similar to title 10, section 147.[40] Rather than adopt a prison mailbox rule, the Wisconsin Supreme Court held that the deadline for filing a *pro se* prisoner's petition for review is tolled on the date it is delivered to the proper prisoner official for mailing:

> The tolling rule will ensure the proper treatment of pro se prisoners who file petitions for review. When pro se prisoners seek to file petitions, their control over the filing process is circumscribed by prison rules and procedures. Pro se prisoners' choice in method of filing is no choice at all. They must rely on the "vagaries of the mail." Other petitioners may personally deliver their petitions to the clerk of court's office, even at the last possible moment. We discern no convincing reason why pro se prisoners who act more promptly and otherwise comply with filing requirements should be placed at a disadvantage.[41]

In 2005, the Kentucky Supreme Court also adopted a tolling approach, based on the United States Court of Appeals for the Sixth Circuit's five-factor equitable tolling test.[42] The Kentucky Supreme Court has since adopted a procedural rule implementing the prison mailbox rule for criminal appeals.[43] Consequently, the equitable tolling test is no longer required.[44] Although a tolling approach would allow this Court to entertain Smith's otherwise untimely appeal, that approach is inconsistent with the unambiguous language in title 10, section 147 and Supreme Court Rule 10(a).

### Conclusion

■ The policy rationales espoused by the United States Supreme Court and the Supreme Court of Wisconsin are persuasive. Although we recognize *Houston's* logic, we are constrained by the Delaware statute and our current procedural rules. The unambiguous language of title 10, section 147, Rule 6(a)(ii), and Rule 10(a) preclude us from adopting a prison mailbox rule—or a tolling analysis that reaches the same result—by judicial decision alone.

In this case, it is undisputed that Smith's notice of appeal was received after

**38.** *Taylor v. McKune,* 25 Kan.App.2d 283, 962 P.2d 566, 569–70 (1998).

**39.** *State ex rel. Nichols v. Litscher,* 247 Wis.2d 1013, 635 N.W.2d 292 (2001).

**40.** Wis. Stat. Ann. § 808.10 (West 2012) ("A decision of the court of appeals is reviewable by the supreme court only upon a petition for review granted by the supreme court. [T]he petition for review shall be filed in the supreme court within 30 days of the date of the decision of the court of appeals.").

**41.** *State ex rel. Nichols v. Litscher,* 635 N.W.2d at 299.

**42.** *Robertson v. Commonwealth,* 177 S.W.3d 789, 792 (Ky.2005), *overruled by Hallum v. Commonwealth,* 347 S.W.3d 55 (Ky.2011); *Dunlap v. United States,* 250 F.3d 1001 (6th Cir.2001), *abrogated by Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749–50 (6th Cir.2011).

**43.** *See* Ky. R.Crim. P. 12.04(5) ("If an inmate files a notice of appeal in a criminal case, the notice shall be considered filed if its envelope is officially marked as having been deposited in the institution's internal mail system on or before the last day for filing with sufficient First Class postage prepaid.").

**44.** *Hallum v. Commonwealth,* 347 S.W.3d at 59 ("The prison mailbox rule was crafted to remedy the procedural deficiency our rules posed to *pro se* inmates seeking to appeal; thus, there is no longer a need for *Robertson's* equitable tolling provision.").

the thirty-day deadline. Smith has not provided evidence that the delay is attributable to court-related personnel so as to invoke an exception under *Bey v. State.*[45] Thus, the appeal must be dismissed as untimely.

### *Procedural Rule Referral*

Title 10, section 161 of the Delaware Code provides that the Supreme Court may adopt rules to "regulate the practice and procedure governing causes and proceedings in the Court."[46] The statute further provides that the rules of the Supreme Court shall "supersede all statutory provisions in conflict or inconsistent therewith."[47] In the federal courts, rules regulating the time for filing an appeal have been deemed procedural for purposes of the similarly-worded Rules Enabling Act.[48] Accordingly, we will refer this issue to our Rules Committee for a recommendation on whether we should consider adopting the prison mailbox rule as a rule of procedure for this Court.

---

**45.** *See Bey v. State,* 402 A.2d 362, 363 (Del. 1979) (allowing untimely appeal when documentary evidence showed court-related personnel prevented perfection of timely appeal).

**46.** Del.Code Ann. tit. 10, § 161(a). *See also* Del. Const. art. IV, § 13.

**47.** Del.Code Ann. tit. 10, § 161(b).

**48.** *See In re Grand Jury Proceedings,* 616 F.3d 1186, 1197 (10th Cir.2010) (holding that rule regulating time to file notice of appeal is procedural for purposes of Rules Enabling Act); 28 U.S.C. § 2072(a)-(b) (authorizing U.S. Supreme Court "to prescribe general rules of practice and procedure" for federal courts, but providing that rules may not "abridge, enlarge or modify any substantive right").