IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | § | |
| | § | No. 252, 2015 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below–Court of |
| | § | Chancery of the State of |
| v. | § | Delaware |
| | § | |
| PERRY PHELPS, MICHAEL | § | C.A. No. 5121-VCN |
| COSTELLO, JAMES | § | |
| SCARBOROUGH, MARK D. | § | |
| DRUM, MICHAEL FOWLER, | § | |
| LARRY SAVAGE and THOMAS | § | |
| AIELLO, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: June 1, 2015
Decided: June 3, 2015

Before **HOLLAND**, **VALIHURA** and **SEITZ**, Justices.

### O R D E R

This 3rd day of June 2015, it appears to the Court that:

(1)    This appeal is from an order dated April 14, 2015, dismissing the appellant's complaint in the Court of Chancery.  The appellant, James Arthur Biggins, is incarcerated at the James T. Vaughn Correctional Center, a Delaware correctional facility.  The office of the Clerk received Biggins' notice of appeal on May 19, 2015, thirty-five days after entry upon the docket of the April 14, 2015 order.

(2) "It is well-established that time is a jurisdictional requirement in Delaware."[1] A notice of appeal *must* be received by the office of the Clerk within thirty days after entry upon the docket of the order from which the appeal is taken.[2] The only exception to the rule is when the appellant can demonstrate that the failure to file the appeal within the thirty-day period is attributable to court personnel.[3]

(3) On May 19, 2015, the Clerk issued a notice directing Biggins to show cause why the appeal should not be dismissed as untimely filed.[4] Biggins filed a response to the notice to show cause on June 1, 2015. In his response, Biggins asserts that his appeal should be considered as filed on May 8, 2015, the date he placed the appeal papers in the prison mail system at the James T. Vaughn Correctional Center. Biggins is mistaken. Delaware has not adopted a rule that deems a prisoner's notice of appeal "filed" at the moment of delivery to prison authorities for mailing to the court.[5]

(4) Biggins does not dispute that his notice of appeal was received after the thirty-day appeal period, and neither Biggins nor the record

[1] *Smith v. State*, 47 A.3d 481, 484 (Del. 2012).

[2] Del. Supr. Ct. R. 6(a)(i), 10(a), 11(b).

[3] *See Bey v. State*, 402 A.2d 362, 363 (Del. 1979) (allowing untimely appeal when documentary evidence showed court-related personnel prevented perfection of timely appeal).

[4] Del. Supr. Ct. R. 29(b).

[5] *Smith v. State*, 47 A.3d 481, 486 (Del. 2012).

suggests that the delay in filing the appeal is attributable to court-related personnel.[6] Accordingly, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6(a)(i) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[6] *See Evans v. State*, 2013 WL 310177 (Del. Jan. 25, 2013) ("Prison personnel are not court-related personnel.").