IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEE ISRAEL, | § | |
| | § | No. 364, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 85002615DI |
| | § | |
| Plaintiff Below, | § | |
| Appellees. | § | |

Submitted: July 24, 2015
Decided: August 5, 2015

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

**O R D E R**

This 5th day of August 2015, it appears to the Court that:

(1)    This appeal is from the Superior Court's order dated June 9, 2015, dismissing the appellant's third motion for postconviction relief. The Clerk received the notice of appeal on July 13, 2015, thirty-four days after entry upon the Superior Court docket of the June 9 order.

(2)    "[T]ime is a jurisdictional requirement in Delaware."[1]    To invoke this Court's appellate jurisdiction, a notice of appeal in a postconviction proceeding must be received by the Clerk "[w]ithin 30 days

---

[1] *Smith v. State*, 47 A.3d 481, 484 (Del. 2012).

after entry upon the docket" of the order sought to be reviewed.[2] The only exception to the rule is when the appellant can demonstrate that the failure to file the appeal within the thirty-day period is attributable to court personnel.[3]

(3) The Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely filed.[4] In response to the notice, the appellant asserts that the appeal was timely filed because he filed the notice of appeal on July 13, 2015, within thirty days of his receipt of the June 9 order on June 12, 2015.

(4) The appellant's assertion is unavailing. A notice of appeal must be received by the Clerk within thirty days after entry upon the docket of the order from which the appeal is taken.[5] "The time for taking an appeal . . . shall not be enlarged."[6]

(5) The June 9, 2015 order from which the appeal is taken was entered on the Superior Court docket on June 9, 2015. Any appeal from the June 9 order was required to be filed with the Clerk on or before July 9, 2015.

---

[2] Del. Supr. Ct. R. 6(a)(iii).
[3] *See Bey v. State*, 402 A.2d 362, 363 (Del. 1979) (allowing untimely appeal when documentary evidence showed court-related personnel prevented perfection of timely appeal).
[4] Del. Supr. Ct. R. 29(b).
[5] Del. Supr. Ct. R. 6(a), 10(a).
[6] Del. Supr. Ct. R. 11(b).

2

(6)    To the extent the appellant contends that an additional three days may be added to the appeal period, he is mistaken.  The provision in this Court's rules that allows for an extra three days relates to service of papers upon one party by another party once an appeal has started.[7]  It has no application to the time limitation that governs the filing of an appeal.[8]

(7)    There is nothing in the record that reflects that the appellant's failure to timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6(a)(iii) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[7] *See* Del. Supr. Ct. R. 11(c) (governing additional time after service by mail).
[8] *Id.*; J*ackson v. State*, 2000 WL 1508639 (Del. Sept. 1, 2000).