IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON HITCHENS, | § | |
| | § | |
| Defendant Below, | § | No. 180, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1511008518 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 13, 2016
Decided: May 16, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 16th day of May 2016, it appears to the Court that:

(1) On April 8, 2016, the Court received the appellant's notice of appeal from a February 26, 2016 Superior Court order sentencing him for a violation of probation. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 28, 2016.

(2) The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely filed. In his response to the notice to show cause, the appellant contends that he needed access to the law library to file his notice of appeal. According to the appellant, he was unable to

access the law library in a timely manner due to influenza outbreaks at Sussex Correctional Institute that caused sudden housing unit changes and the quarantining of his housing unit.

(3) In its reply, the State provided information from Sussex Correctional Institute reflecting that inmates can file a notice of appeal without going to the law library. The State also indicated that the appellant's housing unit since April 2, 2016 was in quarantine between April 11, 2016 and April 19, 2016. In response, the appellant contended that he was subject to unit moves and quarantines before April 2, 2016 that prevented him from going to the law library and that he did not know he could file an appeal without access to the law library.

(4) In Delaware, the thirty day appeal period is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Smith v. State*, 47 A.3d 481, 483 (Del. 2012).
[3] *Carr*, 554 A.2d at 779. *See also Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014) (dismissing untimely appeal where inmate claimed his appeal was late because he needed assistance of law library and he could not obtain library appointment until after appeal deadline expired); *Alford v. State*, 2013 WL 3484679, at *1 (Del. July 8, 2013) (dismissing untimely appeal where inmate claimed his appeal was late because he was weak from open heart surgery and was unable to receive appointment with law library).

2

notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4]

(5) There is nothing in the record to suggest that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel. This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).