IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ONEIL A. ROSE, | § | |
| | § | |
| Defendant Below- | § | No. 147, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1206001558 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 11, 2016
Decided: July 20, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

**O R D E R**

This 20th day of July 2016, it appears to the Court that:

(1)    On March 24, 2016, the Court received appellant Oneil Rose's notice of appeal from a Superior Court order dated January 28, 2016 (and docketed February 1, 2016).  The Superior Court's order denied Rose's motion for postconviction relief.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before March 2, 2016.

(2)    On June 30, 2016, the Senior Court Clerk issued a notice directing Rose to show cause why his appeal should not be dismissed as

untimely.[1]   Rose filed a response on July 11, 2016.   His response only addresses the merits of his appeal and does not address the jurisdictional defect created by his untimely filing.

(3)   Time is a jurisdictional requirement.[2]   A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]   An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]   This Court cannot consider an untimely appeal unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[5]   Rose has not made such a showing in this case.   Thus, the Court concludes that his appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[1] Del. Supr. Ct. R. 6(a)(iv).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[3] Del. Supr. Ct. R. 10(a).

[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).