IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LUIS RIVERA, | § |
| | § |
| Defendant Below, | § No. 164, 2017 |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § |
| STATE OF DELAWARE, | § C.A. No. 1102017217 |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: May 9, 2017
Decided: May 11, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 11th day of May 2017, it appears to the Court that:

(1) On April 13, 2017, the Court received the appellant's notice of appeal. The notice failed to attach or provide the date of the order on appeal. In a letter dated April 13, 2017, the Senior Court Clerk told the appellant that the notice did not state the date of the order on appeal, the Superior Court docket reflected the appellant's motion for correction of sentence was denied on December 27, 2016, and the Supreme Court could not assume the appellant wished to appeal the December 27, 2016 order. The Senior Court Clerk directed the appellant to file an amended notice of appeal with the correct date of the order by April 28, 2017 if he wished to appeal the Superior Court's December 27, 2016 order.

(2)     The appellant did not respond to the letter.  On May 1, 2017, the Chief Deputy Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed for his failure to file an amended notice of appeal by April 28, 2017.  In his response to the notice to show cause, the appellant argues the merits of his appeal.  He does not identify the Superior Court order he wishes to appeal.

(3)     Under the Delaware Constitution, this Court may review a final judgment in a criminal case.[1]  The appellant has not identified a judgment in his notice of appeal.  An appeal of the most recent orders on the Superior Court docket, a June 26, 2015 order (docketed on June 26, 2015) denying his motion for postconviction relief, and a December 23, 2016 order (docketed on December 27, 2016) denying his motion for correction of sentence would be untimely.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  Under these circumstances, this appeal must be dismissed.

---

[1] Del. Const. art. IV, § 11(1)(b).
[2] Supr. Ct. R. 6(a)(iv) (providing notice of appeal from postconviction order must be filed within thirty days of entry of order upon the docket).
[3] Supr. Ct. R. 10(a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice