IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALONZO J. PAYNE, | § | |
| | § | No. 430, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID S1308012898A |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 19, 2018
Decided: November 15, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, the Court concludes that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision dated August 13, 2018. The Superior Court did not err in concluding that the appellant's second motion for postconviction relief was procedurally barred and that the motion failed to satisfy the pleading requirements of Rule 61(d)(2) in order to overcome the procedural hurdles.[1]

---

[1] To the extent the appellant's opening brief argues that the Superior Court erred in denying his *first* motion for postconviction relief, we do not consider his claim because Payne did not file a timely notice of appeal from that judgment with the Clerk of this Court, as required by Supreme Court Rules 6(a)(iv) and 10(a). *Smith v. State*, 47 A.3d 481, 484 (Del.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

2012) (holding that Delaware statutes and rules preclude adoption of the federal "mailbox rule").