IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MONIR GEORGE, | § | |
| | § | No. 43, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0805035299 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 14, 2019
Decided: April 12, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Monir George, filed this appeal from an order in which the Superior Court denied as untimely George's objections to a Commissioner's report. The Commissioner's report recommended that George's second motion for postconviction relief and related motions be denied. The State has moved to affirm the judgment below on the ground that it is manifest on the face of George's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2009, following a bench trial, George was found guilty but mentally ill of Murder in the First Degree, Attempted Murder in the First Degree, Reckless

Endangering in the First Degree, and three counts of Possession of a Firearm During the Commission of a Felony. The evidence at trial was that in May 2008 George shot Malak Michael, a deacon and chief fundraiser for St. Mary's Coptic Orthodox Church, during a church fundraising event in a hotel banquet room. Several witnesses to the event testified at trial, and the evidence also included a photograph of George pointing a gun at the victim just before the shooting. The image was inadvertently captured by an attendee who was photographing the fundraising event. The defense did not dispute that George shot Michael; instead, the defense strategy focused on mitigating George's culpability based on mental illness or insanity. This Court affirmed George's conviction on direct appeal[1] and affirmed the Superior Court's denial of George's first motion for postconviction relief.[2]

(3) George later filed a second motion for postconviction relief and related motions. The Superior Court referred the motions to a Commissioner. On September 17, 2018, the Commissioner issued a report recommending that the motions be denied. On September 25, 2018, George filed a "Letter of Intent to Appeal Commissioner Decision of 9-17-18," in which he stated that his case is similar to *Fowler v. State*[3] and requested forms and instructions for filing an appeal. On October 10, 2018, George filed a motion for reconsideration of the

---

[1] *George v. State*, 2010 WL 4009202 (Del. Oct. 13, 2010).
[2] *George v. State*, 2015 WL 1000228 (Del. Mar. 6, 2015).
[3] 194 A.3d 16 (Del. 2018).

2

Commissioner's report. The Superior Court dismissed the motion as untimely and affirmed the Commissioner's report. This appeal followed.

(4) Superior Court Criminal Rule 62(a)(5)(ii) provides that a defendant who objects to a Commissioner's report must file written objections setting forth "with particularity the basis for the objections" within ten days after the Commissioner's report is filed. In this case, the Commissioner's report was filed on September 17, 2018; any objections therefore would have been due on or before September 27, 2018. George filed his motion on October 10, 2018, and it was therefore untimely. Relying on the federal prison mailbox rule, George argues that his motion for reconsideration was timely because he gave it to prison personnel for mailing on September 29, 2018, which was within ten days of when he *received* the Commissioner's report. But the ten-day period for filing objections to the Commissioner's report began to run when the report was *filed* on September 17.[4] Moreover, the Delaware courts have never adopted a prison mailbox rule.[5] The Superior Court therefore did not err by dismissing the motion as untimely under Rule 62.[6]

---

[4] *See* SUPER. CT. CRIM. R. 62(a)(5)(ii) ("Within 10 days after filing of a Commissioner's proposed findings of fact and recommendations . . ., any party may serve and file written objections . . . .").

[5] *See, e.g.*, *Smith v. State*, 47 A.3d 481 (Del. 2012) (declining to adopt the federal prison mailbox rule).

[6] *See Johnson v. State*, 2011 WL 5331670 (Del. Nov. 4, 2011) (holding that the Superior Court did not err in denying as untimely the defendant's written objections to a Commissioner's report).

(5)     The Superior Court also did not err in determining that George's "Letter of Intent to Appeal" did not comply with Rule 62(a)(5)(ii) because it did not state "with particularity" the basis for his objections to the Commissioner's report.  Aside from requesting forms for filing an appeal, the letter merely stated that this case is similar to *Fowler*; it did not explain with particularity in what ways the cases are similar or how that should change the outcome of the motion for postconviction relief.  In any event, as the Superior Court noted, this case differs from *Fowler* in important ways.  In *Fowler*, the evidence provided by the State's ballistics expert, Carl Rone, was a key component of identifying the defendant as the perpetrator.[7]  In this case, George shot the victim at a banquet in front of dozens of witnesses, the evidence presented at trial included a photograph of George pointing a gun at the victim just before the shooting, and George did not contend at trial that he was not the shooter—instead, the defense strategy focused on establishing that George was mentally ill or insane at the time of the offense.  In stark contrast to *Fowler*, the

---

[7] *See Fowler*, 194 A.3d at 19-20 ("At Fowler's trial, in which the charges for both incidents were jointly tried, a great deal of the State's evidence was dedicated to proving that Fowler was the shooter in both incidents and that he used the same gun in each incident.  Not coincidentally, defense counsel's strategy at trial was to create reasonable doubt by attacking the credibility of the ballistics evidence and suggesting that Chatman—the only eyewitness to both shootings—either was the shooter or was not credible because he implicated Fowler for the shooting to avoid prosecution for being the shooter."); *id.* at 26 ("Rone presented evidence critical to the State's theory of the case.").  Several years after he provided testimony in the George and Fowler trials, Rone was arrested for Theft by False Pretense and Falsifying Business Records, which the Court in *Fowler* found "goes to both Rone's professional reliability and honesty." *Id.*

4

ballistics testimony provided by Rone in George's trial was not central to finding George guilty.

(6) Because the ten-day period for filing objections to a Commissioner's report is a challenging requirement for an incarcerated, *pro se* litigant to meet, we have also considered whether George's arguments should be addressed on the merits notwithstanding the fact that his objections were untimely under Rule 62. We hold that the arguments need not be addressed on the merits, because George's motions were subject to summary dismissal under Superior Court Criminal Rule 61.[8] Rule 61(d)(2) provides that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted after trial and the motion either:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[9]

---

[8] This Court may affirm the Superior Court's judgment "on the basis of a different rationale than that which was articulated by the trial court." *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361 (Del. 1995).

[9] SUPER. CT. CRIM. R. 61(d)(2)(i), (ii). *See also* SUPER. CT. CRIM. R. 61(i)(1)-(4).

(7)   The Commissioner concluded that George's motion was not procedurally barred by Rule 61 because George alleged "newly discovered evidence."[10]   The Commissioner therefore reviewed—and rejected—George's claims on their merits.

(8)   We disagree that George has identified any new evidence that overcomes the procedural bars of Rule 61.  Rule 61(d)(2)(i) provides for summary dismissal of a second or subsequent postconviction motion unless the defendant pleads with particularity new evidence that "creates a strong inference that the movant is *actually innocent in fact of the acts* underlying the charges of which he was convicted."[11]  George's efforts to impugn the credibility of the State's ballistics expert and medical examiner do not create a strong inference that George was not the shooter.  The testimony provided by those witnesses was not central—or even necessary—to identifying George as the shooter, given the circumstances of this case, the other evidence of George's guilt (including the photograph of George wielding the gun), and the fact that George did not even contend at trial that he did not perpetrate the shooting.[12]

---

[10] Commissioner's Report and Recommendation, Docket Entry No. 178, at 6, *State v. George*, Cr. ID No. 0805035299 (Sept. 17, 2018).

[11] SUPER. CT. CRIM. R. 61(d)(2)(i) (emphasis added).

[12] *See Sykes v. State*, 2018 WL 4932731, at *1 (Del. Oct. 10, 2018) ("speculative and implausible theories about how someone other than" the defendant might have committed the crime do not overcome the procedural bars of Rule 61, especially where there is overwhelming evidence that the defendant committed the acts underlying the charges).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is

GRANTED and the judgment of the Superior Court is AFFIRMED.[13]


BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[13] George filed with his opening brief a motion for appointment of counsel. We find no compelling reason to justify the appointment of counsel in this case. The motion is therefore denied. *See* SUPR. CT. R. 26(b) (providing that the Court has discretion to appoint counsel in an appeal in a postconviction proceeding).