IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MALIK THOMAS, | § | |
| | § | No. 381, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1605008552 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 9, 2019
Decided: October 10, 2019

Before **VALIHURA, VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)   On August 28. 2019, the Court received Malik Thomas' notice of appeal from a July 16, 2019 Superior Court order denying his motion for postconviction relief.  To be timely filed, the notice of appeal had to be received by the Clerk or a Deputy Clerk in any county on or before August 15, 2019.[1]

---

[1] Del. Supr. Ct. R. 6(a)(iv); Del. Supr. Ct. R. 10(a); Del. Supr. Ct. R. 11(a).

(2)     The Chief Deputy Clerk issued a notice directing Thomas to show cause why his appeal should not be dismissed as untimely.  Thomas filed a response to the notice to show cause, stating that he had trouble accessing the law library at the out-of-state prison where he is being held and that the law library did not maintain relevant Delaware case law.  Thomas also informed the Court that he gave the notice of appeal to prison officials to place in the mail "on the 30th day."[2]

(3)     Time is a jurisdictional requirement.[3]  A notice of appeal must be received by the Court within the applicable time period to be effective.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]  It is undisputed that Thomas' notice of appeal was received by the Court after the thirty-day deadline.  Delaware has declined to adopt the prison mailbox rule, wherein a *pro se* prisoner's notice of appeal is deemed "filed" at the moment it is delivered to prison authorities for forwarding to the Court.[6]

---

[2] Thomas indicates in his response to the notice to show cause that the "30th day" was July 16. But in his notice of appeal, Thomas wrote, "I gave the prison officials my legal documents under mail box rule. 8-16-19."  In light of Thomas' initial representation, the fact that the Superior Court's decision is dated July 16, and the fact that the notice of appeal was docketed with the Court on August 28, we conclude Thomas gave his notice of appeal to prison officials on August 16.  In any event, and as discussed *infra*, the date the notice was given to prison officials is immaterial.

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[4] Del. Supr. Ct. R. 10(a).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[6] *Smith v. State*, 47 A.3d 481, 483-87 (Del. 2012).

(4)     There is nothing in the record to reflect that Thomas' failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that the appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice