IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JORDAN HARRIS, | § | |
| | § | No. 312, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1610001844B (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 7, 2020
Decided: October 12, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice to show cause and appellant's response thereto, it appears to the Court that:

(1)    On August 31, 2020, the Court received a document later determined to be a notice of appeal from the Superior Court's July 24, 2020 order denying the appellant's motion for postconviction relief.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal had to be filed on or before August 24, 2020.

(2)  On September 17, 2020, the Senior Clerk issued a notice directing the appellant, Jordan Harris, to show cause why his appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  Harris has responded to the notice to show cause and alleges that he filed his notice of appeal on August 15, 2020.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[3] An appellant's prisoner *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal to be filed at the time it is delivered to prison authorities for mailing.[5]

(4) In this case, the prison mail log of the James T. Vaughn Correctional Center, where Harris is incarcerated, reflects that Harris' notice of appeal was mailed on August 27, 2020, three days after it was due. Harris does not contend, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[5] *Id.* at 482.

2

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice