IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON FITZGERALD, | § | |
| | § | No. 117, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 2007010286 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 14, 2022
Decided: April 21, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On April 6, 2022, the appellant, Jason Fitzgerald, filed a notice of appeal from his criminal conviction and sentence for second-degree assault. The Superior Court sentenced Fitzgerald on November 8, 2021. Under Supreme Court Rule 6, a timely notice of appeal was due on or before December 8, 2021.[1]

(2)    On April 7, 2022, the Senior Court Clerk issued a notice directing Fitzgerald to show cause why his appeal should not be dismissed as untimely filed.

---

[1] Del. Supr. Ct. R. 6(a)(iii).

In his response to the notice to show cause, Fitzgerald alleges that he failed to file a timely notice of appeal due to, among other things, court delays attributable to the COVID-19 pandemic and ineffective assistance of trial counsel.

(3)     Time is a jurisdictional requirement.[2]   A notice of appeal must be received by the Court within the applicable time period to be effective.[3]   An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]   Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

(4)     The record does not reflect that Fitzgerald's failure to file a timely notice of appeal in this case is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.  To the extent that Fitzgerald alleges that his trial counsel was ineffective, he may pursue those claims in the Superior Court by filing a timely motion for postconviction relief under Superior Court Criminal Rule 61.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice