IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MURRAY HALL, III, | § | |
| | § | |
| Defendant Below, | § | No. 396, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2102000900 (K) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: November 2, 2022
Decided: November 21, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the response, it appears to the Court that:

(1) On October 24, 2022, the appellant, Murray Hall, III, filed a notice of appeal from the Superior Court's imposition of sentence on November 4, 2021. A timely notice of appeal should have been filed on or before December 6, 2021.[1] The Senior Court Clerk issued a notice directing Hall to show cause why this appeal should not be dismissed as untimely filed.

---

[1] Del. Supr. Ct. R. 6(a)(iii) (providing that the notice of appeal must be filed within thirty days after the sentence is imposed); Del. Supr. Ct. R. 11(a) (providing that if the last day of the time period prescribed by the Rules falls on the weekend or a holiday then the time period runs until the end of the next day the Clerk's office is open).

(2) In his response to the notice to show cause, Hall states that he did not file his appeal within thirty days because he was heavily medicated and not mentally competent at that time. He further contends that he is actually innocent and that his former counsel was ineffective and coerced him into pleading guilty.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4) Hall has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.[6] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed. To the extent that Hall alleges that he was not mentally competent at the time of his plea and that his trial counsel was ineffective,

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *See, e.g., Washington v. Div. of Fam. Servs.,* 2011 WL 6201770, at *1 (Del. Dec. 13, 2011) (dismissing untimely appeal where the appellant said she had been in ill health, but had not shown that her failure to file a timely notice of appeal was attributable to court-related personnel).

he may pursue those claims in the Superior Court in a timely motion for postconviction relief under Superior Court Criminal Rule 61.[7]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[7] With his response to the notice to show cause, Hall included a copy of a Rule 61 motion that he has filed or intends to file in the Superior Court.

3