IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARLANDO INGRAM, | § | |
| | § | |
| Defendant Below, | § | No. 177, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 1209003136 (K) |
| | § | |
| Appellee. | § | |

Submitted: May 9, 2024
Decided: May 14, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On April 29, 2024, the appellant, Arlando Ingram, filed this appeal from a Superior Court order dated and docketed on March 25, 2024, that summarily denied his second motion for postconviction relief. Under Supreme Court Rules 6 and 11, a timely notice of appeal would have been filed on or before April 24, 2024.

(2) The Senior Court Clerk issued a notice directing Ingram to show cause why the appeal should not be dismissed as untimely filed. In response to the notice to show cause, Ingram states that he filed his notice of appeal late because he did not know that there was a thirty-day deadline to file a notice of appeal, and his limited

access to the prison law library prevented him from submitting his notice of appeal on time.

(3) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] An appellant's status as a self-represented litigant does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] An untimely appeal cannot be considered unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[4] The failure to file a timely appeal in this case is not attributable to court-related personnel.[5] Therefore, the appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] DEL. SUPR. CT. R. 10(a).

[3] *See Smith v. State*, 47 A.3d 481, 481-82 (Del. 2012) (dismissing self-represented prisoner's direct appeal, filed one day late, as untimely).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *See, e.g.*, *Gibbs v. State*, 2023 WL 9021628 (Del. Dec. 28, 2023) (stating that untimeliness of appeal was not attributable to court-related personnel where appellant argued that "prison policies, personnel issues, and mailroom delays limited his access to legal materials and hindered his ability to submit his notice of appeal on time"); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that "he had to wait several weeks before he could gain access to the prison law library" and "before he could file the notice of appeal, he had to send a copy of the appeal to the prison business office to obtain the balance on his inmate account").

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice