IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ GARCIA, | § | |
| | § | |
| Plaintiff Below, | § | No. 495, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| ROBERT MAY, et al., | § | C.A. No. S23M-12-001 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: December 13, 2024
Decided: January 17, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

### <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On November 27, 2024, this Court received a notice of appeal from a Superior Court order dismissing a complaint that Anibal Melendez Garcia[1] had filed in that court. The Superior Court's order was dated October 18, 2024, and docketed on October 21, 2024. Under Supreme Court Rules 6(a)(i) and 11, a timely notice of appeal should have been filed on or before November 20, 2024.

---

[1] The documents filed in this action identify the appellant as "Anibal Melendez Garcia" or as "Anibal Melendez." Because most of the handwritten portions of the documents and signatures use "Melendez" rather than "Melendez Garcia," we refer to the appellant as "Melendez."

(2)     The Senior Court Clerk issued a notice directing Melendez to show cause why the appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Melendez states that he was prevented from filing the appeal on time because the prison where he is incarcerated took two weeks to provide him with necessary forms, and he then had to wait another week for an appointment at the law library so that he could get his application to proceed *in forma pauperis* notarized.

(3)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's status as a self-represented litigant does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] DEL. SUPR. CT. R. 10(a).  It appears that Melendez sent the notice of appeal to the Superior Court prothonotary rather than to this Court.  An appeal is filed when the notice of appeal is received in the office of the Clerk of this Court.  *See id.* ("Filing with a Deputy Clerk in any county shall be deemed to constitute filing for all purposes under these Rules when the paper has been received in the office of such Deputy Clerk during regular business hours.").  In any event, it appears that the Superior Court received the notice of appeal on November 25, 2024, and the appeal was therefore untimely even when received by the Superior Court.

[4] *See Smith v. State*, 47 A.3d 481, 481-82 (Del. 2012) (dismissing prisoner's *pro se* direct appeal, filed one day late, as untimely).

appeal cannot be considered.[5]  The failure to file a timely appeal in this case is not attributable to court-related personnel.[6]  Therefore, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *See, e.g.*, *Whiteman v. State*, 2021 WL 129945 (Del. Jan. 11, 2021) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that his efforts to file a notice of appeal were delayed because of prison restrictions related to the COVID-19 pandemic, "including imposition of a fourteen-day quarantine period following his transfer from the violation-of-probation center and limited access to the law library"); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that "he had to wait several weeks before he could gain access to the prison law library" and "before he could file the notice of appeal, he had to send a copy of the appeal to the prison business office to obtain the balance on his inmate account").