## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN R. PIERRE-LOUIS, | § | |
| | § | No. 326, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| M&T BANK, | § | |
| | § | C.A. No. N13L-07-031 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 19, 2017
Decided: September 26, 2017

Before **STRINE**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **O R D E R**

This 26th day of September 2017, it appears to the Court that:

(1)    On August 16, 2017, the Court received the appellant John Pierre-Louis' notice of appeal from a Superior Court order, docketed on July 14, 2017, denying his motion to reopen a sheriff's sale.

(2)    Under Supreme Court Rule 6(a)(i), a timely notice of appeal was due on or before August 14, 2017.  The Clerk issued a notice directing Pierre-Louis to show cause why the appeal should not be dismissed as untimely.[1]

---

[1] Del. Supr. Ct. R. 29(b) (2017).

(3)     Pierre-Louis filed a response to the notice to show cause on August 31, 2017.  He asserts that he attempted to file his notice of appeal on August 14, 2017, but he experienced technical difficulties with File & ServeXpress, the Court's electronic filing system.  Pierre-Louis attached to his response an email from a customer service representative at File & ServeXpress dated August 16, 2017.  He also attached copies of his bank statements from 2014 and a copy of a docket sheet related to an appeal that he filed in 2014.

(4)     The appellee, M&T Bank, was directed to file a reply to Pierre-Louis's response.  The appellee argues that time is a jurisdictional requirement that may only be excused if an untimely appeal is attributable to court personnel.  The appellee asserts that the documentation attached to Pierre-Louis' response does not substantiate his claim that he attempted to file his appeal electronically on August 14, 2014 or that his failure to electronically file his notice of appeal in a timely way was attributable to a problem with the court's electronic filing system.

(5)     We agree.  The documents attached to Pierre-Louis' response, at most, reflect that he was aware of the Court's thirty-day filing deadline because he litigated in this Court in 2014.  He offers no explanation for why he did not file his notice of appeal by mail or in person before the filing deadline.  We also note that Pierre-Louis is a pro se litigant who under his own version of events waited until the very last day to seek to file his notice of appeal electronically.  The record is devoid of

2

any effort by him to contact the clerk's office and to file his appeal directly with the Court, rather than through the e-filing system or to enlist the clerk's office in helping him work through his issue.

(6)     Time is a jurisdictional requirement.[2]  A notice of appeal *must be received* by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Therefore, unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, an untimely appeal cannot be considered.[5]  The untimely filing in this case is not attributable to court personnel.  Thus, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a) (2017).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).