IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAMMOT SCRUGGS, §
§
    Defendant Below, § No. 145, 2018
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1611017476 (N)
§
    Plaintiff Below, §
    Appellee. §

Submitted: April 6, 2018
Decided: May 1, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 1st day of May 2018, after careful consideration of the notion to show cause and response to the notice to show cause, it appears to the Court that:

(1)    On March 22, 2018, the appellant, Lammot Scruggs, filed a notice of appeal from a February 14, 2018 Superior Court order sentencing him for his violation of probation. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before March 16, 2018. The Senior Court Clerk issued a notice directing Scruggs to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, Scruggs states that his appeal is untimely because he lacks legal knowledge, his illiteracy made it difficult to request materials from the prison law library through

correspondence, he could not physically go to the law library until March 8, 2018, and his prison unit changed.

(2) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3) The record does not reflect that Lammot's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2