IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM S. SELLS, | § | |
| | § | |
| Defendant Below, | § | No. 275, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1108023648 (K), |
| | § | 1109005261 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 4, 2018
Decided: June 11, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **ORDER**

This 11th day of June 2018, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On May 24, 2018, the appellant, William S. Sells, filed a notice of appeal from a Superior Court order, dated and docketed on April 23, 2018, denying his first motion for postconviction relief from his guilty plea and sentence. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before May 23, 2018. The Senior Court Clerk issued a notice directing Sells to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, Sells states that he mailed the notice of appeal on May 21, 2018, before the expiration of the time to appeal.

(2)  Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  This Court has never adopted a prison mailbox rule.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(3)  The record does not reflect that Sells' failure to file a timely notice of appeal is attributable to court-related personnel.  Prison personnel and postal workers are not court-related personnel.[6]  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] Id.
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *Kreider v. State*, 2012 WL 2979015, at *1 (Del. July 20, 2012).