IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANNON MATHIS, | § | |
| | § | No. 278, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 130700179 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 8, 2018
Decided: June 19, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

Upon consideration of the rule to show cause and the appellant's response, it appears to the Court that:

(1)     On May 25, 2018, the Court received the appellant's notice of appeal from the Superior Court's order dated April 20, 2018, denying his motion for postconviction relief.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before May 21, 2018.

(2)     The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.[1]  The appellant filed a

---

[1]Del. Supr. Ct. R. 29(b).

response to the notice to show cause on June 8, 2018, contending that he did not receive the Superior Court's order until April 25, 2018 and then he could not get to the prison law library until May 1, 2018. He contends that, under these circumstances, he could not file his notice of appeal in sufficient time for it to reach the Court before the expiration of the 30-day deadline on May 21.

(3) We disagree. Even assuming that the appellant was delayed in obtaining assistance from the prison law library to file his appeal, he offers no explanation for why he could not file his appeal papers within the remaining three-week time frame.

(4) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[3] An appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5] The appellant's case does not fall within the exception to this rule.. Thus, his untimely appeal must be dismissed for lack of jurisdiction.

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3]Del. Supr. Ct. R. 10(a) (emphasis added).
[4]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice