IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROMAYNE JACKSON, | § | |
| | § | |
| Defendant Below, | § | No. 582, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1511014640 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | | |

Submitted: December 21, 2018
Decided: January 17, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On November 26, 2018, the appellant, Romayne Jackson, filed a notice of appeal from a Superior Court order, dated and docketed on October 22, 2018, sentencing him for a violation of probation. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before November 21, 2018. The Clerk issued a notice directing Jackson to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Jackson states that he sent the notice of appeal from the prison law library on November 8, 2018 (the notice of

appeal is actually dated November 13, 2018) and he does not have any control over how or when the mail is sent. Jackson provided an inmate mailing list report that reflects something "exposed to delay" was mailed to the Court and the Attorney General on November 19, 2018. The State argues that the appeal must be dismissed because the Jackson has not shown his late filing is attributable to court-related personnel.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] This Court has never adopted a prison mailbox rule.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4) The record does not reflect that Jackson's failure to file a timely notice of appeal is attributable to court-related personnel. Prison personnel and postal workers are not court-related personnel.[6] Consequently, this case does not fall

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Id.*
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *Kreider v. State*, 2012 WL 2979015, at *1 (Del. July 20, 2012).

within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice