IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JIMMY WELSCH, | § | |
| | § | No. 340, 2019 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Family Court |
| | § | of the State of Delaware |
| DIVISION OF FAMILY | § | |
| SERVICES (DFS), | § | File Nos.: 18-07-11TN |
| | § | CN17-05153 |
| Petitioner Below, | § | |
| Appellee. | § | Petition Nos.: 17-27550 |
| | § | 18-21948 |

Submitted: September 6, 2019
Decided: September 17, 2019

Before **VALIHURA, SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On August 5, 2019, the Court received Jimmy Welsch's notice of appeal from a July 1, 2019 Family Court order terminating Welsch's parental rights in his minor child. To be timely filed, the notice of appeal had to be received by the Clerk or a Deputy Clerk in any county on or before July 31, 2019.[1]

---

[1] Del. Supr. Ct. R. 6(a)(iii); Del. Supr. Ct. R. 10(a); Del. Supr. Ct. R. 11(a).

(2)    The Clerk issued a notice directing Welsch to show cause why his appeal should not be dismissed as untimely.  Welsch filed a response to the notice to show cause, stating that he had been represented by counsel in the Family Court and that he had advised counsel he wished to appeal the Family Court's order.

(3)    Under Supreme Court Rule 26.1(a), a trial attorney has the continuing obligation to represent her client on appeal when her client's parental rights have been terminated.  The Senior Court Clerk directed Welsch's attorney to respond to Welsch's assertion that he had notified her that he wished to file an appeal.  Welsch's attorney filed a response, including a copy of a letter she sent to Welsch wherein she advised him of his right to appeal the Family Court's order and provided him with the July 31, 2019 deadline for doing so.  The letter directed Welsch to contact counsel at his earliest convenience if he wished to appeal.  Welsch's attorney informed the Court that she had not spoken to Welsch since the date of the termination of parental rights hearing and that she had not received any communication from Welsch advising her of his desire to appeal.

(4)    The Clerk directed Welsch to respond and provide the Court with any evidence he had that would show he had, in fact, contacted his attorney and advised her of his desire to file an appeal.  Welsch has responded and attests that he attempted to call his attorney from prison via a three-way phone call on July 11, 2019, but was unable to reach her.  Welsch also informed the Court that he had deposited the notice

2

of appeal in the mail box at the James T. Vaughn Correctional Center on either July 29 or July 30.

(5)     Welsch does not dispute that he received his attorney's letter and that he was unable to communicate a desire to file an appeal to her on July 11, 2019. Accordingly, we find that Welsch did not timely inform counsel of his desire to appeal and, therefore, counsel did not have a duty to docket Welsch's appeal.

(6)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]  It is undisputed that Welsch's notice of appeal was received after the thirty-day deadline. Delaware has declined to adopt the prison mailbox rule, wherein a *pro se* prisoner's notice of appeal is deemed "filed" at the moment it is delivered to prison authorities for forwarding to the Court.[5]

(7)     There is nothing in the record to reflect that Welsch's failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Smith v. State*, 47 A.3d 481, 483-87 (Del. 2012).

filing of a notice of appeal. Thus, the Court concludes that the appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*Gary F. Traynor*
Justice