IN THE SUPREME COURT OF THE STATE OF DELAWARE

THOMAS ROBLES, §
§ No. 98, 2020
    Defendant Below, §
    Appellant, §
§
    v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 1601002267 (N)
    Plaintiff Below, §
    Appellee. §

Submitted: March 26, 2020
Decided: April 2, 2020

Before **SEITZ**, Chief Justice: **VALIHURA**, and **MONTGOMERY-REEVES**, Justices.

**ORDER**

Upon consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On March 6, 2020, the Court received Thomas Robles' notice of appeal from a March 3, 2017 Superior Court sentencing order. To be timely filed, the notice of appeal had to be received by the Clerk or a Deputy Clerk in any county on or before April 3, 2017.[1]

---

[1] Del. Supr. Ct. R. 6(a)(iii); Del. Supr. Ct. R. 10(a). Because the thirtieth day fell on a Sunday, the notice of appeal was due the following business day. Del. Supr. Ct. R. 11(a).

(2)     The Chief Deputy Clerk issued a notice directing Robles to show cause why his appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  In his response to the notice to show cause, Robles contends that he advised his trial counsel that he wished to appeal and that counsel informed him that counsel would file an appeal within thirty days.  Robles further represents that he tried to correspond with counsel several times during the following years.  Robles asks that the Court accept his late notice of appeal so that he may pursue claims of ineffective assistance of counsel.

(3)     The Senior Court Clerk directed Robles' trial counsel to answer Robles' response to the notice to show cause.  Counsel responded and avers that he has no recollection of Robles' requesting counsel to file a motion to withdraw his guilty plea, a plea that counsel opines was favorable to Robles in light of the charges he faced and the evidence against him.  Had Robles sought to withdraw his plea and the Superior Court had denied that request, counsel states that he would have filed a notice of appeal followed by an application to withdraw under Supreme Court Rule 26 because, in his opinion, there were no arguably appealable issues.  Counsel further represents that he has not received any correspondence from Robles since his sentencing.  Finally, counsel maintains that he has not received any notice to respond to a motion for postconviction relief filed by Robles.

(4)     Time is a jurisdictional requirement.[2]   A notice of appeal must be received by the Court within the applicable time period to be effective.[3]   Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]   An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5]

(5)     Robles does not claim, and record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  With regard to Robles' claims regarding trial counsel, Robles does not explain why he waited almost three years to file this notice of appeal.  The Superior Court docket reflects that the time for filing an appeal as well as the time for filing a motion for postconviction relief had long-since passed before he filed a motion for transcripts in the fall of 2019.  This appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *State v. Smith*, 47 A.3d 481, 482 (Del. 2012).

3

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice