IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GRACE GREEN,[1] | § | |
| | § | No. 299, 2020 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Family Court |
| | § | of the State of Delaware |
| JACOB TAYLOR, | § | |
| | § | File No.      CN18-01242 |
| Petitioner Below, | § | Petition No.   18-39014 |
| Appellee. | § | |

Submitted:  September 29, 2020
Decided:  October 12, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellant's response thereto, it appears to the Court that:

(1)    On September 8, 2020, the Court received Grace Green's notice of appeal from an August 5, 2020 Family Court child-custody order.  To be timely filed, the notice of appeal had to be received by the Clerk or a Deputy Clerk in any county on or before September 4, 2020.[2]

(2)    The Senior Court Clerk sent a letter to Green, asking her to show cause as to why her appeal should not be dismissed as untimely filed under Supreme Court

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] Del. Supr. Ct. R. 6(a)(iii); Del. Supr. Ct. R. 10(a).

Rule 6. In her response to the notice to show cause, Green asserts that she had difficulty obtaining the funds necessary to file an appeal and asks the Court to accept her late notice of appeal.

(3) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Court within the applicable time period to be effective.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[6]

(4) Green does not claim, and the record does not reflect, that her failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Accordingly, this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[4] Del. Supr. Ct. R. 10(a).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *See Smith v. State*, 47 A.3d 481 (Del. 2012).