IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARION BAYNARD, | § | |
| | § | No. 324, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1710004763 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 29, 2020
Decided: November 4, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the notice to show cause and appellant's response thereto, it appears to the Court that:

(1)     On September 24, 2020, the Court received a notice of appeal from the Superior Court's August 12, 2020 order denying the appellant's motion for sentence modification. Under Supreme Court Rule 6, a timely notice of appeal had to be filed with the Court on or before September 11, 2020.

(2)     On September 25, 2020, the Senior Clerk issued a notice, sent by certified mail, directing the appellant, Arion Baynard, to show cause why his appeal should not be dismissed as untimely filed under Supreme Court Rule 6. After the Court determined that the notice had not been delivered, the Senior Court Clerk re-

issued the notice to show cause on October 20, 2020. Baynard has responded to the notice to show cause and alleges that he failed to file a timely notice of appeal because he believed that his motion for reconsideration/reargument was still pending before the Superior Court. Baynard attaches to his response his motion for reconsideration/reargument, dated August 21, 2020, that he contends was filed in the Superior Court. However, the Superior Court docket does not reflect that this motion was, in fact, filed. In any event, a motion for reargument must be filed in the Superior Court within five days of the court's order—here, on or before August 17, 2020—to toll the time for Baynard to file his notice of appeal.[1]

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4] An appellant's prisoner *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5]

(4) In this case, Baynard does not contend, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related

---

[1] *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *See Smith v. State*, 47 A.3d 481 (Del. 2012).

personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


/s/   James T. Vaughn, Jr.
Justice