IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CORA BROWN,[1] | § |
| | § No. 372, 2021 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Family Court of |
| | § the State of Delaware |
| v. | § |
| | § File No. CN96-11425 |
| CHASE BROWN, | § Petition No. 20-22569 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: December 2, 2021
Decided: December 21, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On November 22, 2021, the appellant, Cora Brown, filed a notice of appeal from a Family Court order dated October 18, 2021 and docketed on October 19, 2021. A timely notice of appeal was due in this Court by November 18, 2021.[2] The Senior Court Clerk issued a notice directing Brown to show cause why this appeal should not be dismissed as untimely filed. In her response to the notice to

---

[1] The Court assigns pseudonyms to the parties under Supreme Court Rule 7(d).
[2] Supr. Ct. R. 6(a)(i).

show cause, Brown argues the merits of her appeal, but does not address the untimeliness of her appeal in this Court.

(2) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Court within the applicable time period in order to be effective.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[5] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, this Court cannot consider an untimely appeal.[6]

(3) Brown has not demonstrated that her failure to file a timely notice of appeal of the Family Court order is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.1989).
[4] Supr. Ct. R. 10(a).
[5] *Ward v. Taylor*, 2019 WL 4784943, at *1 (Del. Sept. 30, 2019); *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[6] *Ward*, 2019 WL 4784943, at *1; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2