IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE MCLAUGHLIN, § 
§
Defendant Below, § No. 3, 2022
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 9512015062
§
Plaintiff Below, §
Appellee. §

Submitted: February 9, 2022
Decided: March 1, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEEVES**, Justices.

## **ORDER**

After careful consideration of the notice to show cause, the responses to the notice to show cause, and the motion for appointment of counsel, appears to the Court that:

(1) On January 4, 2022, the appellant, Lawrence McLaughlin, filed this appeal from a November 5, 2021 Superior Court order sentencing him for a violation of probation. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before December 6, 2021.[1] The Senior Court Clerk issued a notice

---

[1] The last day of the thirty-day period fell on Sunday, December 5, 2021, so the time to appeal ran until Monday, December 6, 2021. Supr. Ct. R. 11(a).

directing McLaughlin to show cause why this appeal should not be dismissed as untimely filed.

(2)    In his response to the notice to show cause, McLaughlin states that he was quarantined for COVID-19 from November 16, 2021 through December 6, 2021. He says he was unable to go to the law library and proceed with this appeal until later in December. McLaughlin also filed a motion for appointment of counsel. The State contends that McLaughlin cannot show that his failure to file a timely notice of appeal is attributable to court-related personnel.

(3)    Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4)    McLaughlin has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.[6] Consequently, this case does not

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] Supr. Ct. R. 10(a).

[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[6] *See, e.g., Parker v. State*, 2021 WL 4495821, at *1 (Del. Sept. 30, 2021) (dismissing untimely appeal where inmate claimed his appeal was late because he lacked education regarding the law and COVID-19 restrictions interfered with his access to the prison law library); *Christmas v. State*, 2013 WL 1397131, at *1 (Del. Apr. 3, 2013) (dismissing untimely appeal where inmate stated that

fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED. The motion for appointment of counsel is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

he was unable to go to prison law library and obtain the necessary forms until after the appeal deadline passed).