IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE PORTER,[1] | § | |
| | § | No. 61, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | File No. CN19-04055 |
| ROSIE TOWNSEND, | § | Petition No. 20-13074 |
| | § | |
| Respondent, | § | |
| Appellee. | § | |

Submitted: March 15, 2022
Decided:   March 28, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On February 25, 2022, the appellant, Bruce Porter, filed a notice of appeal from a Family Court order, dated and docketed on December 13, 2021, resolving several matters ancillary to the parties' divorce.  A timely notice of appeal was due in this Court by January 12, 2022.[2]  The Senior Court Clerk issued a notice directing Porter to show cause why this appeal should not be dismissed as untimely

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] Supr. Ct. R. 6(a)(i).

filed. In his response to the notice to show cause, Porter states that he was unable to file a timely notice of appeal because he contracted COVID-19 and is in very poor health.

(2) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Court within the applicable time period in order to be effective.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[5] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(3) Porter does not contend, and the record does not reflect, that his failure to file a timely appeal in this case is attributable to court-related personnel. This appeal must therefore be dismissed.[7]

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.1989).
[4] Supr. Ct. R. 10(a).
[5] *Ward v. Taylor*, 2019 WL 4784943, at *1 (Del. Sept. 30, 2019); *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[6] *Ward*, 2019 WL 4784943, at *1; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[7] *See, e.g., Washington v. Div. of Fam. Servs.*, 2011 WL 6201770, at *1 (Del. Dec. 13, 2011) (dismissing untimely appeal where the appellant said she had been in ill health but had not shown that her failure to file a timely notice of appeal was attributable to court-related personnel).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rules 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice