IN THE SUPREME COURT OF THE STATE OF DELAWARE

CLARENCE E. GIBBS, § 
                            § 
    Defendant Below, § No. 438, 2023 
    Appellant, § 
                            § Court Below: Superior Court 
    v. § of the State of Delaware 
                            § 
STATE OF DELAWARE, § Cr. I.D. No. S2107007172 
                            § 
    Appellee. § 

Submitted: December 15, 2023
Decided: December 28, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On November 29, 2023, the appellant, Clarence E. Gibbs, filed this appeal from a Superior Court order dated and docketed on October 20, 2023, that sentenced him for a violation of probation. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before November 20, 2023.

(2) The Senior Court Clerk issued a notice directing Gibbs to show cause why the appeal should not be dismissed as untimely filed. In response to the notice to show cause, Gibbs states that he filed his notice of appeal late because he is not a

lawyer; and prison policies, personnel issues, and mailroom delays limited his access to legal materials and hindered his ability to submit his notice of appeal on time.

(3) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] An appellant's status as a self-represented litigant does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4] The failure to file a timely appeal in this case is not attributable to court-related personnel.[5] Therefore, the appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] DEL. SUPR. CT. R. 10(a). Gibbs mailed the notice of appeal to the Superior Court rather than to this Court. An appeal is filed when the notice of appeal is received in the office of the Clerk of this Court. *See id.* ("Filing with a Deputy Clerk in any county shall be deemed to constitute filing for all purposes under these Rules when the paper has been received in the office of such Deputy Clerk during regular business hours."). In any event, the Superior Court received the notice of appeal on November 27, 2023, and the appeal was therefore untimely even when received by the Superior Court.

[3] *See Smith v. State*, 47 A.3d 481, 481-82 (Del. 2012) (dismissing prisoner's *pro se* direct appeal, filed one day late, as untimely).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *See, e.g.*, *Whiteman v. State*, 2021 WL 129945 (Del. Jan. 11, 2021) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that his efforts to file a notice of appeal were delayed because of prison restrictions related to the COVID-19 pandemic, "including imposition of a fourteen-day quarantine period following his transfer from the violation-of-probation center and limited access to the law library"); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that "he had to wait several weeks before he could gain access to the prison law library" and "before he could file the notice of appeal, he had to send a copy of the appeal to the prison business office to obtain the balance on his inmate account").

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

_/s/ Abigail M. LeGrow_
Justice