IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN COVERDALE, | § | |
| | § | No. 185, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2006004121 (N) |
| STATE OF DELAWARE, | § | 2003011608 (N) |
| | § | |
| Appellee. | § | |

Submitted: May 12, 2025
Decided: May 19, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On April 28, 2025, the appellant, Brian Coverdale, filed a notice of appeal from the Superior Court's order, dated and docketed March 13, 2025, denying his motion for correction of illegal sentence. Under Supreme Court Rules 6 and 11, a timely notice of appeal was due on or before April 14, 2025. The Senior Court Clerk therefore issued a notice directing Coverdale to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Coverdale explains that he is not an attorney and is not familiar with the appellate process.

(2) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the Court's jurisdictional requirements.[3] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3) Coverdale does not claim, and the record does not reflect, that his failure to file a timely notice of appeal from the Superior Court's March 13, 2025 order is attributable to court-related personnel.[5] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *See Smith v. State*, 47 A.3d 481-82 (Del. 2012) (dismissing a prisoner's *pro se* appeal, filed one day late, as untimely).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] Coverdale does claim that he inadvertently sent his appeal paperwork to the Superior Court, but the Superior Court docket does not reflect that the court received any documents from Coverdale after the entry of the court's March 13, 2025 order.